# Law Offices of
# James F. Sullivan, P.C.

52 Duane Street, 7th Floor
New York, New York 10007
Tel (212) 374-0009
Fax (212) 374-9931

November 21, 2018

**VIA ECF**

Hon. George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: **Phillips v. @theSalon et al**
Case No.: 1:18-cv-05154-GBD

Dear Judge Daniels:

Plaintiff, Megan Phillips ("Plaintiff"), and Defendants, @theSalon and James Fong ("Defendants") jointly request that Your Honor approve the settlement reached in this matter. A copy of the executed settlement agreement is annexed herein as Exhibit "**1**."

## BACKGROUND

Plaintiff filed a Complaint on June 8, 2018, asserting that Defendant violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay minimum wage, overtime rate for all hours worked over forty (40) in a work week, failing to provide a wage notice pursuant to §195(1) of the NYLL, and failing to provide accurate wage statements pursuant to §195(3). The parties enlisted the aid of this Court's Mediation Program and, through the efforts of both parties and the Mediator, James Brown, were able to reach a resolution. Therefore, Plaintiff and Defendants have reached a settlement among the parties and now request the Courts approval of same.

## CLAIMS AND DEFENSES

Plaintiff was a commission based hair stylist employed by Defendants. Plaintiff filed a complaint, alleging that Defendants failed to pay her in accordance under the FLSA, 29 U.S.C. §§ 201 *et seq*. and the NYLL. Further, Plaintiff also sought statutory damages based on Defendant' alleged failure to provide certain wage notices and earning statements that are required under the portion of the NYLL referred to as the Wage Theft Prevention Act.

There are a number of contested factual issues in this case. Plaintiff claims that she was not compensated at the minimum wage, nor paid the overtime rate for all hours worked over forty (40) hours in a work week. Further, Plaintiff claims she worked an average of 47.5 hours per week from September 2017 to May 25, 2018.

During the mediation, Defendants disputed the appropriateness of the FLSA claims based on exemption under 29 U.S.C. § 207(i), where there is an exemption for commissioned salespeople like Plaintiff, provided that (1) defendant is a retail or service establishment, (2) more than half the compensation is from commission from the goods/services, and (3) plaintiff is paid more than 1.5 times federal minimum wage. *See Charlot v. Ecolab, Inc.*, 136 F. Supp. 3d 433 (E.D.N.Y. 2015); *English v. Ecolab, Inc.*, 2008 U.S. Dist. LEXIS 25862 (S.D.N.Y. 2008); *Schwind v. EW & Assoc.*, 371 F. Supp. 2d 560 (S.D.N.Y. 2005). Defendants claim they met the standards for the exemption from the FLSA. Defendants also disputed Plaintiff's claim that she was an employee, and instead claimed that she is a commissioned salesperson and/or an independent contractor. Defendants also disputed the number of hours Plaintiff worked, provided a summary of camera evidence of arrival/departure times, and claimed Plaintiff was paid appropriately at all times under federal and state law. Although Defendants believe they have a meritorious defense to Plaintiff's overtime and all claim, Defendants have agreed to settle this action to avoid the costs associated with litigation.

## SETTLEMENT AMOUNT

Plaintiff claims that she was not compensated at the minimum wage and overtime rate for all hours worked over forty (40) in a work week while in the employ of the Defendants. Specifically, Plaintiff alleges the following:

For the period of September 2017 to May 25, 2018, Plaintiff worked 47.5 hours a week. Plaintiff was only paid a commission percentage and not paid a minimum wage per hour. Plaintiff alleges that Defendant failed to pay the overtime premium for all hours worked over forty (40) hours in a work week.

Therefore, Plaintiff's best case award would be $41,689.32 representing the recovery of $15,844.66 in unpaid wages, imposition of a one hundred percent (100%) penalty totaling $15,844.66 pursuant to FLSA and NYLL, and $10,000.00 for violations of the Wage Theft Prevention Act.

However, Plaintiff recognizes that the damages owed can decrease based on Defendant's proof of hours worked. Further, Plaintiff recognizes the potential defenses raised by the Defendants that Plaintiff was an independent contractor and/or a commissioned sales person paid properly under 29 U.S.C. §§ 201 *et seq*.

Thus, a settlement of $20,000.00–which wholly compensates Plaintiff for wages owed, as alleged by the Plaintiff–is a fair and reasonable settlement resulting from an arm's-length negotiation between experienced counsel.

## ATTORNEY FEES

In accordance with retainer agreement between the Plaintiff and Plaintiff's counsel, legal services were performed on a contingency basis. Pursuant to the retainer agreement, Plaintiff's counsel is to receive one third of any recovery and be reimbursed for all expenses incurred. The settlement agreement provides that Plaintiff's counsel will recover $6,430.00 and costs equaling

2

$505.00. To date Plaintiff's counsel bore all costs of litigation and litigated a FLSA/NYLL case without compensation of any kind to date and their fee has been wholly contingent upon the result achieved.

Here the attorney fee which accounts for one third of the total settlement amount, is consistent with contingency fee agreements that are commonly approved in the Second Circuit in FLSA cases. *Najera v. Royal Bedding Company, LLC,* No. 13-cv-1767, 2015 WL 3540719 (E.D.N.Y. June 3, 2015); *Rangel v. Grand St. Meat & Produce Corp.,* No. 13-cv-3234 (E.D.N.Y. Sept. 19, 2013)

As a cross check of contingency fees, the Courts routinely look to the lodestar method. *See Sakiko Fujiwara v. Sushi Yasuda Ltd.,* 58 F.Supp.3d 424 (S.D.N.Y. 2014).

The amount of attorney's fees to which a party is entitled is based on the presumptively reasonable fee, sometimes called the lodestar. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany,* 522 F.3d 182, 183, 189-90 (2d Cir. 2008). The presumptively reasonable fee is the product of the reasonable hours in the case and the reasonable hourly rate. *Millea v. Metro-N R.R. Co.,* 658 F.3d 154, 166 (2d Cir. 2011).

> The reasonable hourly rate is determined by whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson,* 465 U.S. 886, 896 (1984). However, the Court may adjust the hourly rate to account for other case-specific variables, *Arbor Hill,* 522 F.3d at 184, including the factors set forth in *Johnson v. Georgia Highway Express, Inc.*:
>
> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved or the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability of the case;' (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart,* 461 U.S. 424, 43o n.3 (1983) (citing *Johnson,* 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87, 92-93 (1989); *see also Arbor Hill,* 522 F.3d at 186 n.3 (citing the *Johnson* factors). But the Court need not make separate findings as to all twelve *Johnson* factors. *Lochren v. Cnty. of Suffolk,* 344 Fed. App'x 706, 709 (2d Cir. 2009).

Recent reasonable hourly rates awarded in similar cases range from $200 to $600 per hour for similar small firms. *See Rosendo v. Everbrighten Inc.,* No. 13 CV 7256, 2015 U.S. Dist. LEXIS 50323, at *23-24 (S.D.N.Y. Apr. 7, 2015) (finding rates for three attorneys from a small firm specializing in wage and hour litigation over five other cases to be from $200 to $425 and

awarding between $225 and $400); *Guallpa v. NY Pro Signs Inc.*, No. 11 CV 3133, 2014 U.S. Dist. LEXIS 77033, at *28-30 (S.D.N.Y. May 27, 2014) (finding rates for three attorneys from one small firm over three other wage and hour cases to be from $350 to $600 and awarding within the same range in wage and hour case).

Plaintiff seeks hourly rates of $400.00 for Lawrence Spasojevich, an attorney at Law Offices of James F. Sullivan, P.C. (hereinafter "JFS"). Lawrence Spasojevich is a 2009 graduate of the University Of San Diego School of Law. Lawrence Spasojevich was admitted to the New York State Bar in 2011, admitted to the United States District Court, Southern District of New York in 2018, and admitted to the United States District Court, Eastern District of New York in 2018. Ninety percent (90%) of Lawrence Spasojevich's case load concentrates on wage and hour matters, either multi plaintiff, individual, or collective actions, in the Eastern District of New York, Southern District of New York, and New York State Courts. Prior to joining JFS, Lawrence Spasojevich was an Assistant General Counsel, Level III at the Office of the Mayor, Office of Labor Relations for the City of New York where he was involved in wage and hour disputes, FMLA actions, and collective bargaining.

Thus, the contingency amount of $6,430.00 (excluding costs) is less than the lodestar amount, $13,825.00. Contemporaneous time records of work performed in relation to the case are attached hereto as Exhibit "**2**"

## THE SETTLEMENT SHOULD BE APPROVED

Court approval of an FLSA settlement is appropriate when the settlement reached as a result of contested litigation resolves bona fide disputes." *Johnson v. Brennan*, No. 10-cv-471, 2011 WL 4357376, at * 12 (S.D.N.Y. 2011). "If the proposed settlement reflects a reasonable compromise over contested issues "the court should approve the settlement." *Id.* (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1351 n. 8 (11th Cir. 1982). Plaintiff's recovery – after attorney's fees – is clearly fair and reasonable. *See, e.g.*, *Meigel v. Flowers of the World. NYC. Inc.*, No. 11, Civ. 465, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an accurate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."); *Hernandez v. C-Penn Foods Inc.*, No. 11 Civ. 7410, 2011 U.S. Dist LEXIS 144978 at *2 (S.D.N.Y. 2011) ("[G]iven the disputed issues of fact relating to Plaintiff's wage claims and the fact that the settlement was reached pursuant to arm's length negotiations, the Court finds that the settlement agreed to in this action is fair and reasonable.").

The settlement agreement reached by the parties is fair. Although Plaintiff's recollection of her hours is sufficient to prove the hours that she worked and the wages she received, her recollection is not binding on the fact finder. *See Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 590 (2d Cir. 2007). Given Plaintiff's interest in the outcome of this matter, it is probable that the fact finder would apply some discount factor to her claimed hours. In addition, if Defendant' defenses are given credence, Plaintiff would recover significantly less, if any at all, than her claimed unpaid wages.

The non-monetary terms of the agreement are also reasonable. The agreement includes a general release and there are no other provisions that undermine the purposes or policy behind the FLSA. See, e.g., Santos v. Yellowstone Props., Inc., No. 15-cv-3986 (PAE), 2016 WL 2757427 at *1, 3 (S.D.N.Y. May 10, 2016); Hyun v. Ippudo USA Holdings, No. 14-cv-8706 (AJN), 2016 WL 1222347 at *3-4 (S.D.N.Y. Mar. 24, 2016). In light the overall fairness of the settlement and the risks of continued litigation, these provisions are fair and should be approved.

Given the conflicting evidence, the quality of the evidence and counsel, and the allocation of the burden of proof on Plaintiff, this settlement represents a reasonable compromise with respect to contested issues. For the foregoing reasons, we respectfully request that the Court approve the parties' settlement agreement as fair and reasonable and dismiss this action with prejudice. See Reyes v. Altamarea Group. LLC, 10-cv-645I (RLE), 2011 WL 4599822 at *6 (S.D.N.Y. Aug. 16, 2011).

We thank the Court for its attention to this matter.

Respectfully,

_____
Lawrence Spasojevich, Esq.
*Attorney for Plaintiff*


_____/s/_____
Tiffany Ma, Esq.
*Attorney for Defendant*